UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALTAGRACIA GOMEZ,<br><br>Plaintiff,<br><br>v.<br><br>RENT-A-CENTER, INC., JOHN DOES 1-10, and ABC ENTITIES 1-10,<br><br>Defendants. | Civil Action No.  18 CV 1528<br><br>**NOTICE OF REMOVAL**<br>**(diversity)**<br><br>*Electronically Filed* |

**TO:**   To The Clerk And Honorable Judges of the United States District Court, District of New Jersey

Defendant Rent-A-Center, Inc. ("RAC" or "Defendant") files this Notice of Removal of the above-captioned action to the United States District Court for the District of New Jersey from the Superior Court of New Jersey, Law Division, Hudson County, where the action is now pending, as provided by Title 28, United States Code, Chapter 89 and states:

**STATE COURT ACTION**

1. Plaintiff Altagracia Gomez ("Plaintiff") commenced this action on November 17, 2017 by filing a Complaint in the Superior Court of New Jersey, Law Division, Hudson County, bearing Docket No. HUD-L-004752-17 (the "State Court Action").

2. On January 5, 2018, Rent-A-Center, Inc. ("RAC") received a copy of the State Court Action Complaint.

3. The aforementioned documents constitute all "process, pleadings and orders" served upon RAC in the State Court Action.  A copy of the Summons and Complaint is attached as Exhibit A.

## TIMELINESS OF REMOVAL

4. This Notice of Removal is being timely filed on the first weekday following thirty (30) days from the date RAC received a copy of the Summons and Complaint pursuant to 28 U.S.C. § 1446(b) and Rule 6(a)(1)(C) of the Federal Rules of Civil Procedure. Since this Notice of Removal is also filed within one year of the commencement of the State Court Action, it is timely under 28 U.S.C. § 1446(c)(1).

5. This Notice of Removal is also filed within one year of the commencement of the State Court Action and therefore is timely under 28 U.S.C. § 1446(c)(l).

## DIVERSITY JURISDICTION

6. The United States District Court for the District of New Jersey has diversity jurisdiction in this case based on 28 U.S.C. § 1332. Diversity jurisdiction exists when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the dispute is between citizens of different states. *Id.* at § 1332 (a)(1). As explained below, both of these requirements have been met.

### A. Citizens of Different States

7. At the time of filing of the Complaint and at the time of removal, Plaintiff purports to be a resident of Hudson County, New Jersey. *See* Exhibit A, Compl. ¶ 1.

8. At the time of filing of the Complaint and at the time of removal, RAC is a corporation. For diversity jurisdiction purposes, a corporation such as RAC is deemed a citizen of its State of incorporation and the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As clarified by the United States Supreme Court in *Hertz Corp. v. Friend*, "the phrase 'principal place of business' [in Section 1332(c)(1)] refers to the place where the corporation's high level officers direct, control, and coordinate the corporation's activities.

Lower federal courts have often metaphorically called that place the corporation's 'nerve center.' We believe that the 'nerve center' will typically be found at a corporation's headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 80-81 (2010) (internal citations omitted).

9. RAC is, and was at the time Plaintiff filed the Complaint in state court, incorporated in the State of Delaware, with its corporate headquarters in the State of Texas. *See* Declaration of Karen Scranton, dated February 5, 2018, annexed hereto as Exhibit B.

10. Complete diversity exists now and at the time the State Court Action was filed because Plaintiff and RAC are citizens of different states.

**B. Amount in Controversy is Met**

11. The matter in controversy in the State Court Action exceeds the sum or value of $75,000.00. *See* 28 U.S.C. § 1332(a).

12. Although Plaintiff's Complaint does not specify the precise amount of damages sought, the allegations contained with the Complaint indicate that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs.[1] *See Angus v. Shiley, Inc.*, 989 F.2d 142, 146 (3d Cir. 1993) (where plaintiff does not set a limit for damages, the Court should make a reasonable reading of the value of the claim that plaintiff has asserted and come to an independent valuation of the amount plaintiff has claimed).

13. In the Complaint, Plaintiff brings claims for discrimination and retaliation under the Conscientious Employee Protection Act, New Jersey's Law Against Discrimination, as well as a claim for public policy violations related to her employment with RAC. *See* Exhibit A.

---

[1] Defendant does not concede Plaintiff's allegations are true or that her claims have any merit. Defendant provides the following only to demonstrate that the amount in controversy, based on the demand and relief sought by Plaintiff, taken as a whole, exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiff in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §§ 1332(a) and 1441(a).

14. As a result of the allegations in her Complaint, Plaintiff is seeking damages for, among other things, back pay, front pay, and loss of employment benefits. *Id.*

15. Plaintiff is also seeking compensatory damages, damages for emotional distress, and consequential damages. *Id.*

16. Plaintiff also seeks punitive damages and attorney's fees. *See* Exhibit A, Wherefore Clause; *see also Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (aggregating punitive damages and attorney's fees when calculating amount in controversy); *Goralski v. Shared Techs., Inc.*, Civ. A. No. 09-2461, 2009 U.S. Dist. LEXIS 69042, *16-17 (D.N.J. Aug. 7, 2009) (attorney's fees and punitive damages must be considered when calculating the amount in controversy); *Raspa v. Home Depot*, 533 F. Supp.2d 514, 522 (D.N.J. 2007) (noting that even on its own, "a request for punitive damages will generally satisfy the amount in controversy requirement[.]").

17. In light of the above damage claims, including lost wages, punitive damages, and attorneys' fees, there is more than a reasonable probability that the amount in controversy in this case exceeds $75,000.00, exclusive of interests and costs. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a). *See Angus*, 989 F.2d at 146.

## **VENUE**

18. The United States District Court for the District of New Jersey is the District Court of the United States within which Plaintiff's state court action is currently pending.

19. The Notice of Removal is being filed in the United States District Court for the District of New Jersey within 30 days of the date upon which RAC was served with the Summons and Complaint, as required by 28 U.S.C. § 1446. Promptly after the Notice of Removal, written notice of removal shall be filed with the Clerk of the New Jersey Superior Court, Law Division, Hudson County as required by 28 U.S.C. § 1446(d).

**NOTICE TO PLAINTIFF**

20. Promptly after filing the Notice of Removal, written notice of this removal shall be given to Plaintiff's counsel, Robert Chewning of McLaughlin & Nardi, LLC, pursuant to 28 U.S.C. § 1446(d).

21. By filing the Notice of Removal, RAC does not waive any objections it may have as to service, jurisdiction, or venue, or any other defenses available to it at law, in equity or otherwise. RAC intends no admission of fact or law by this Notice and expressly reserves all defenses and motions.

22. If the Court should be inclined to remand this action, RAC requests that the Court issue an Order to Show Cause why the case should not be remanded, providing RAC an opportunity to present briefing and argument prior to any possible review. Because a remand order is not subject to appellate review, such a procedure is appropriate.

23. As required by 28 U.S.C. § 1446(a), this Notice of Removal is signed under Rule 11 of the Federal Rules of Civil Procedure.

**RELIEF REQUESTED**

24. RAC requests that the United States District Court for the District of New Jersey assume jurisdiction over the above-captioned action and issue such further orders and processes as may be necessary to bring before it all parties necessary for the trial of this action.

**WHEREFORE**, RAC respectfully requests that this action proceed in this Court as an action properly removed to it.

| | |
|---|---|
| Dated: February 5, 2018 | **LITTLER MENDELSON, P.C.**<br>Attorneys for RAC<br>290 Broadhollow Road, Suite 305<br>Melville, New York 11747<br>631-247-4713<br>dsgomez@littler.com<br><br>/s/ *Daniel Gomez-Sanchez*<br>Daniel Gomez-Sanchez |

Firmwide:152669276.1 051536.1568