MCLAUGHLIN & NARDI, LLC
37 Vreeland Avenue
Totowa, New Jersey 07512
(973) 890-0004
Robert K. Chewning, Esq.
Attorney ID No. 167702015
Attorneys for Plaintiff,
Altagracia Gomez

| | |
|---|---|
| ALTAGRACIA GOMEZ, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: HUDSON COUNTY |
| Plaintiff, | DOCKET NO: HUD-L-4752-17 |
| | |
| v. | Civil Action |
| | |
| RENT-A-CENTER, INC., JOHN DOES 1-10, and ABC ENTITIES 1-10, | **SUMMONS** |
| | |
| Defendants. | |

From The State of New Jersey, To The Defendant(s) Named Above:

**Manager or Person in Charge
Defendant Rent-A-Center, Inc.
345 Central Avenue
Jersey City, NJ 07307**

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, CN-971, Trenton, NJ 08625. A filing fee* payable to the Clerk of the Superior Court and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have any attorney and are not eligible for free assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: January 3, 2018

/s/ Michelle Smith
Acting Clerk, Superior Court of New Jersey

By: _____
Robert K. Chewning
Attorney for Plaintiff

Name of Defendant to be Served:
Manager or Person in Charge
Defendant Rent-A-Center, Inc.
345 Central Avenue
Jersey City, NJ 07307

MCLAUGHLIN & NARDI, LLC
37 Vreeland Avenue
Totowa, New Jersey 07512
(973) 890-0004
Robert K. Chewning, Esq.
Attorney ID#167702015
Attorneys for Plaintiff,
Altagracia Gomez

| | |
|---|---|
| ALTAGRACIA GOMEZ, | SUPERIOR COURT OF NEW JERSEY |
| | LAW DIVISION: HUDSON COUNTY |
| Plaintiff, | DOCKET NO: |
| | |
| v. | Civil Action |
| | |
| RENT-A-CENTER, INC., JOHN DOES 1-10, and ABC ENTITIES 1-10, | **COMPLAINT AND JURY DEMAND** |
| | |
| Defendants. | |

Plaintiff, Altagracia Gomez, by and through her attorneys, McLaughlin & Nardi, LLC, complains of the defendants as follows:

## THE PARTIES

1. Plaintiff Altagracia Gomez ("Altagracia") is a resident of the State of New Jersey, residing at 13 Reserve Avenue, Jersey City, County of Hudson, State of New Jersey. Plaintiff was an assistant manager for Defendant Rent-A-Center, Inc. until she was wrongfully terminated on December 10, 2016.

2. Defendant Rent-A-Center, Inc. ("RAC") is a Kansas corporation, registered and licensed to do business in the State of New Jersey, and actually doing business at 345 Central Avenue, Jersey City, County of Hudson, State of New Jersey. Its registered agent is Prentice Hall Corporation and its address is Princeton South Corporate Center Suite 160, 100 Charles Ewing Boulevard, Ewing, County of Mercer, State of New Jersey.

3. Defendants John Does 1-10 are fictitious individuals whose identities are presently unknown who aided in, abetted, participated in, conspired to commit, facilitated, abetted or were otherwise liable for the actions complained of herein.

4. Defendants ABC Entities 1-10 are fictitious names for business entities whose identities have not yet been determined who directly and/or through their agents, employees and/or officers participated in, aided, abetted, supervised, permitted, allowed, directed and/or condoned the acts and/or omissions complained of herein and/or were Plaintiff's employer.

## FACTS RELEVANT TO ALL COUNTS

5. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 4 of the Complaint as if set forth herein verbatim and at length.

6. Altagracia suffered retaliation and discrimination in connection with her employment with RAC because she objected to and refused to participate what she reasonably believed were in RAC's violations of law and public policy.

7. Altagracia was an employee of RAC for more than ten years.

8. Altagracia met and exceeded all of the legitimate requirements of RAC.

9. Altagracia was first hired by RAC in 2002 and continued to work there until 2013. In 2013, she was forced to resign from RAC because she was not able to work the hours RAC assigned her for and take care of her newly born child.

10. In or around April 2016, Altagracia re-applied to RAC. She was hired as the assistant manager for RAC's location at 345 Central Avenue in Jersey City on or about May 3, 2016.

11. RAC agreed to hire her and provide her with the accommodation that her work hours would be from 9:00 a.m. to 5:30 p.m.

12. This accommodation was provided to Altagracia, who Defendants were aware was a single mother, to allow her to take care of her child as well as obtain her weekly, if not daily, medical treatment for severe medical conditions including but not limited to her iron deficiency, anemia, vitamin B12 deficiency, and thrombophilia. Iron deficiency, anemia, vitamin B12 deficiency, and thrombophilia are all disabilities under New Jersey's Law Against Discrimination (the "LAD"), and were all known to Defendant including but not limited to Altagracia's direct supervisor and RAC's store manager, Maribelle Esteves.

13. As the assistant manager, Altagracia's duties included closing out the register for the store before her shift ended.

14. In June 2016, while closing out the register, Altagracia noticed that money was either missing or unaccounted for at the end of several of her shifts. She immediately reported this issue to her direct supervisor, Maribelle Esteves.

15. No action was taken by Maribelle Esteves to correct, remedy, and/or account for the missing money from RAC's register.

16. Altagracia noticed that the issue of money being missing from RAC's register was continuing into July 2016. Because of Ms. Esteves's inaction to remedy the situation, Altagracia reported her concern to RAC's district manager, Alberto Ramos. However, similar to Ms. Esteves, Mr. Ramos did not take any action to remedy the situation and only told her to do her job.

17. Altagracia was retaliated against for reporting the missing money and was subjected to discrimination, harassment, and a hostile work environment based on her race, national origin, disabilities, and familial status.

18. Specifically, several managers and co-workers made racist comments and jokes based on her Dominican ethnicity and accent. RAC's managers and co-workers made racist comments and jokes towards and about Altagracia, they resulted in RAC holding a meeting to discuss such unprofessionalism and lack of dignity towards Altagracia on or about October 10, 2016.

19. Additionally, RAC and specifically Ms. Esteves arbitrarily revoked Altagracia's accommodation of having her work hours set at 9:00 a.m. to 5:30 p.m in retaliation for Altagracia reporting the missing register money in or around November 2016.

20. RAC and Ms. Esteves forced Altagracia to work until 7:00 p.m. on Mondays and Fridays, or Altagracia would be fired.

21. RAC's and Ms. Esteves's decision to arbitrarily revoke Altagracia's accommodation, which she had received for the first six months of her re-employment with RAC, was also done to discriminate against Altagracia's disabilities and status as a single mother. Indeed, the decision to revoke her accommodation prevented Altagracia from receiving the proper medical treatment for her disabilities as well as prevented her adolescent child from receiving appropriate supervision and care.

22. Furthermore, RAC did not take any steps to engage in any interactive process with Altagracia to determine what, if any, reasonable accommodation could have been provided to Altagracia.

23. The discrimination, harassment, and hostile work environment created by RAC and its arbitrary decision to revoke her accommodation severely impacted her physical and emotional health, causing her medical conditions to worsen, and be diagnosed with major depressive disorder in November 2016. After her hours were switched, no further accommodation was given. As demonstrated by the fact that the hours worked for the first six months of her re-employment, the 9:00 a.m. to 5:30 p.m. hours were a reasonable accommodation.

24. On December 8, 2016, Altagracia witnessed Ms. Esteves and her son take two Xbox One video game consoles from RAC without purchasing and/or renting the equipment from the store. Altagracia reported this to Mr. Ramos that same day but Mr. Ramos refused to take any action.

25. On December 10, 2016, two days after reporting Ms. Esteves, RAC wrongfully terminated Altagracia in retaliation for reporting Ms. Esteves. Indeed, Altagracia was wrongfully terminated because of her disclosures, objections, and refusal to participate in a policy that was against law and public policy.

26. Altagracia's termination was also the result of being discriminated against for her race, national origin, disabilities, and status a single mother.

27. Altagracia has suffered significant damages as a result of Defendants' wrongful acts as set forth above. By way of example only,

  a. She has suffered lost front and back pay;

  b. She has suffered severe emotional distress, to the point of suffering major depression, weight loss, loss of sleep and severe anxiety;

  c. She has lost employment benefits; and

d. Her reputation has been damaged.

28. Thus, in these ways and many others, as a direct and proximate result of Defendants' wrongful actions, Plaintiff has been and continues to be damaged.

## FIRST COUNT
### (Violation of Conscientious Employee Protection Act Against All Defendants; Hostile Work Environment)

29. All of the allegations of paragraphs 1-28 are incorporated herein as though repeated herein verbatim and at length.

30. Plaintiff refused to participate in, disclosed, and threatened to disclose and objected to the acts, omissions and incidents described above. Ultimately, and most significantly, Altagracia disclosed to Mr. Ramos, RAC's district manager, RAC's store manager, Ms. Esteves's inaction regarding RAC's register's missing money and act of taking two Xbox One video game consoles from RAC without purchasing and/or renting them.

31. The conduct disclosed and objected to and which Plaintiff refused to participate in was – and Plaintiff reasonably believed it to be – in violation of law, rule, criminal law, regulation and/or incompatible with a clear mandate of public policy concerning public health, safety, and welfare.

32. Defendants retaliated against Plaintiff for her disclosures, objections, etc., in numerous and diverse ways to the point of creating a severe and pervasive hostile work environment including but not limited to the actions above. Specifically, RAC created a hostile work environment in retaliation for reporting the missing money and Ms. Esteves's actions by having co-workers make racist comments and jokes about her Dominican Republic descent, arbitrarily revoking her accommodation that was previously provided to her based on her

6

disabilities and status as a single mother, and ultimately wrongfully terminating her employment based on her disclosures. Defendants failed to remedy the harassment when Plaintiff objected to it.

33. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has been damaged.

34. Defendants are therefore liable to Plaintiff for violation of New Jersey's Conscientious Employee Protection Act, N.J.S.A. §34:19-1, *et seq.*

## SECOND COUNT
### (Violation of Conscientious Employee Protection Act Against All Defendants: Adverse Employment Actions)

35. All of the allegations of paragraph 1-34 are incorporated herein as though repeated verbatim and at length.

36. Plaintiff refused to participate in, disclosed, threatened to disclose and objected to the acts, omissions and incidents described above, ultimately resulting in her termination. Specifically, Altagracia disclosed to Mr. Ramos, RAC's district manager, RAC's store manager, Ms. Esteves's inaction regarding RAC's register's missing money and act of taking two Xbox One video game consoles from RAC without purchasing and/or renting them, and objected to Ms. Esteves that money had been taken from the register.

37. The conduct disclosed and objected to and which Plaintiff refused to participate in was – and Plaintiff reasonably believed it to be – in violation of law, rule, criminal law, regulation and/or incompatible with a clear mandate of public policy concerning public health, safety, and welfare.

7

38. Defendants retaliated against Plaintiff for her disclosures, objections, etc., in numerous and diverse ways to the point of revoking her accommodation and ultimately terminating her employment.

39. As a direct and proximate result of Defendants' retaliatory conduct, Plaintiff has been damaged.

40. Defendants are therefore liable to Plaintiff for violation of New Jersey's Conscientious Employee Protection Act, N.J.S.A. §34:19-1, *et seq.*

### THIRD COUNT
### (Violation of Public Policy Against All Defendants)

41. All of the allegations of paragraphs 1-40 are incorporated herein as though repeated verbatim and at length.

42. As set forth above, Defendants terminated Plaintiff's employment, revoked her accommodation, harassed her, and created a hostile work environment, as set forth above, in retaliation for her objections and disclosures, in violation of the public policy of the State of New Jersey.

43. As a direct and proximate result thereof, Plaintiff has been damaged.

44. Defendants are thus liable to Plaintiff for these actions in violation of public policy in accordance with Pierce v. Ortho Pharmaceutical Corp., 84 N.J. 58 (1980) and its progeny.

### FOURTH COUNT
### (Violation of New Jersey's Law Against Discrimination: Adverse Employment Action Against All Defendants)

45. All of the allegations of paragraphs 1-44 are incorporated herein as though repeated verbatim and at length

46. Plaintiff suffered from iron deficiency anemia, vitamin B12 deficiency anemia, and thrombophilia, and depression, which are disabilities and/or handicaps under New Jersey's Law Against Discrimination.

47. Plaintiff was thus "disabled" under New Jersey's Law Against Discrimination.

48. Plaintiff is a single mother of an adolescent child.

49. Plaintiff is of Dominican ethnicity and descent.

50. Plaintiff always fulfilled the essential reasonable demands of her employer and functions of her job, and would have continued to do so with reasonable accommodations for her disabilities and status as a single mother.

51. Plaintiff requested a reasonable accommodation from her employer. Specifically, Altagracia requested the reasonable accommodation of having her work hours set for 9:00 a.m. to 5:30 p.m. to accommodate her need to receive weekly if not daily medical treatment for her disabilities as well as care for her adolescent child. The reasonableness of the accommodation provided to her was demonstrated because it worked successfully for six months.

52. However, rather than continuing to employ her with – or even without – reasonable accommodation, Defendants arbitrarily revoked the accommodation and later terminated Plaintiff's employment, as explained above, because of her disabilities, familial status, race, and descent.

53. The conduct of Defendants thus constituted unlawful discrimination against Plaintiff in violation of New Jersey's Law Against Discrimination, N.J.S.A. 10:5-1, et seq.

9

54. As a direct and proximate result thereof, Plaintiff has been and continues to be damaged.

## FIFTH COUNT
### (Violation of New Jersey's Law Against Discrimination: Failure to Accommodate Disability Against All Defendants)

55. All of the allegations of paragraphs 1-54 are incorporated herein as though repeated herein verbatim and at length.

56. Plaintiff was disabled under New Jersey's Law Against Discrimination because of her disabilities.

57. Altagracia requested reasonable accommodations from her employer.

58. Altagracia always did and could have continued to adequately perform her duties with reasonable accommodations.

59. Defendants failed to reasonably accommodate Plaintiff's disabilities.

60. Defendants failed to engage in an interactive process with Plaintiff to attempt to discover reasonable accommodations which would allow Plaintiff to perform the essential functions of her job.

61. The conduct of Defendants thus constituted unlawful discrimination against Plaintiff and failure to accommodate Plaintiff's disability and/or handicap, in violation of New Jersey's Law against Discrimination, N.J.S.A. §10:5-1, et seq. and N.J.A.C. §13:13-2.5.

62. As a direct and proximate result thereof, Plaintiff has been and continues to be damaged.

## SIXTH COUNT
### (Violation of New Jersey's Law Against Discrimination: Harassment Against All

Defendants)

63. All of the allegations of paragraphs 1-62 are incorporated herein as though repeated verbatim and at length.

64. Defendants, *inter alia* as set forth above, harassed plaintiff because of her disabilities, familial status, race, and descent to the point of creating a severe and/or pervasive hostile work environment.

65. As a direct and proximate result thereof, Plaintiff has been damaged.

66. Defendants and each of them have therefore violated New Jersey's Law Against Discrimination, N.J.S.A. §10:5-1, et seq.

## SEVENTH COUNT
(Punitive Damages Against All Defendants)

67. All of the allegations of paragraphs 1-66 are incorporated herein as though repeated verbatim and at length.

68. The acts and/or omissions complained of above were actuated by actual malice and/or accompanied by a wanton and willful disregard of Plaintiff, who foreseeably might be harmed by those acts or omissions.

69. Defendants' actions were especially egregious.

70. Defendants' supervisory personnel were aware of, authorized, approved of, ratified and/or participated in these acts and/or omissions.

71. Defendants are therefore liable to Plaintiff for punitive damages.

## EIGHTH COUNT
(Respondeat Superior Against All Defendants)

72. All of the allegations of paragraphs 1-71 are incorporated herein as though repeated verbatim and at length.

73. The acts and/or omissions complained of herein were undertaken by the Defendants as well as other agents, contractors and/or employees of Defendants, as part of a policy, practice or custom of the Defendants.

74. At all times these acts were in the course and within the scope of the actors' duties, employment and/or contractual relationships with the Defendants.

75. Defendants' supervisory personnel were aware of, authorized, approved of, ratified and/or participated in these acts and/or omissions.

76. Said acts and omissions were part of a pattern and practice of Defendants, condoned and adopted by the highest members of Defendants' management.

77. As a direct and proximate result thereof, Plaintiff has been damaged.

78. Defendants are therefore vicariously liable to Plaintiff under the doctrine of *respondeat superior* for all acts and/or omissions complained of herein.

**WHEREFORE**, Plaintiff, ALTAGRACIA GOMEZ, demands judgment against Defendants, RENT-A-CENTER, INC., JOHN DOES 1-10, and ABC ENTITIES 1-10, for compensatory damages, punitive damages, attorneys fees, interest, costs of suit incurred, consequential damages, emotional distress, recharacterization of Plaintiff's separation, and such other and further relief deemed by the Court to be equitable, just and appropriate under the circumstances.

McLaughlin & Nardi, LLC
Attorneys for the Plaintiff, Altagracia Gomez

Dated: November 17, 2017   By: _____
Robert K. Chewning

## DESIGNATION OF TRIAL COUNSEL PURSUANT TO R.4:25-1(b)(14)

Maurice W. McLaughlin is hereby designated as trial counsel.

                                                    McLaughlin & Nardi, LLC
                                                    Attorneys for the Plaintiff, Altagracia Gomez

Dated: November 17, 2017      By: _____
                                                           Robert K. Chewning

## JURY DEMAND

Plaintiff demands a trial by a jury of six on all counts so triable.

                                                    McLaughlin & Nardi, LLC
                                                      Attorneys for the Plaintiff, Altagracia Gomez

Dated: November 17, 2017      By: _____
                                                           Robert K. Chewning

## CERTIFICATION PURSUANT TO RULE 4:5-1

I certify that the matter in controversy is not the subject of any other action pending in any court or pending in any arbitration proceeding and that no such action or arbitration proceeding is contemplated. To Plaintiff's knowledge no other party should be joined in this action.

                                                    McLaughlin & Nardi, LLC
                                                      Attorneys for the Plaintiff, Altagracia Gomez

Dated: November 17, 2017      By: _____
                                                           Robert K. Chewning

# Civil Case Information Statement

## Case Details: HUDSON | Civil Part Docket# L-004752-17

**Case Caption:** GOMEZ ALTAGRACI VS RENT-A-CENTER, INC.
**Case Initiation Date:** 11/17/2017
**Attorney Name:** ROBERT K CHEWNING
**Firm Name:** MC LAUGHLIN & NARDI, LLC
**Address:** 37 VREELAND AVE
TOTOWA NJ 075120000
**Phone:**
**Name of Party:** PLAINTIFF : Gomez, Altagraci
**Name of Defendant's Primary Insurance Company (if known):** None

**Case Type:** WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA)
**Document Type:** Complaint with Jury Demand
**Jury Demand:** YES - 6 JURORS
**Hurricane Sandy related?** NO
**Is this a professional malpractice case?** NO
**Related cases pending:** NO
**If yes, list docket numbers:**
**Do you anticipate adding any parties (arising out of same transaction or occurrence)?** NO

### THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE
CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

**Do parties have a current, past, or recurrent relationship?** YES

**If yes, is that relationship:** Employer/Employee

**Does the statute governing this case provide for payment of fees by the losing party?** YES

**Use this space to alert the court to any special case characteristics that may warrant individual management or accelerated disposition:**


**Do you or your client need any disability accommodations?** NO
   **If yes, please identify the requested accommodation:**


**Will an interpreter be needed?** NO
   **If yes, for what language:**


I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b)

11/17/2017
Dated

/s/ ROBERT K CHEWNING
Signed

```
HUDSON COUNTY SUPERIOR COURT
HUDSON COUNTY
583 NEWARK AVENUE
JERSEY CITY        NJ 07306
                                       TRACK ASSIGNMENT NOTICE
COURT TELEPHONE NO. (201) 217-5162
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   NOVEMBER 17, 2017
                        RE:     GOMEZ ALTAGRACI   VS RENT-A-CENTER, INC.
                        DOCKET: HUD L -004752 17

     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 3.

     DISCOVERY IS   450 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON JOSEPH V. ISABELLA

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM    001
AT:  (201) 795-6116.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
 CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                                       ATT: ROBERT K. CHEWNING
                                       MC LAUGHLIN & NARDI LLC
                                       37 VREELAND AVENUE
                                       TOTOWA          NJ 07512

ECOURTS
```